IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DUSTIN JAMES BRADLEY,** | § | |
| #29455-078 | § | |
| | § | CIVIL NO. 4:22-CV-473 |
| VS. | § | CRIMINAL NO. 4:20-CR-155(1) |
| | § | |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge Bill Davis, who issued a Report and Recommendation (Dkt # 13) ("the Report") recommending that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C § 2255 be denied and that the case be dismissed with prejudice. Movant filed objections (Dkt # 14).

Movant re-urges issues raised in his § 2255 motion. He reasserts his arguments regarding ineffective assistance of counsel in terms of seeking statistics along with a psychological evaluation to determine if some underlying disorder caused Movant to view and encourage the production of child pornography, thus mitigating his guilt (Dkt # 14 at 4). As an initial matter, Movant's objections are merely conclusory statements and do not provide any specific reasoning or argument. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). However, based on the totality of the case, Movant has, in any event, failed to show that the Report is clearly erroneous or contrary to the law. The Court has reviewed the tendered objections, and they generally add nothing new to Movant's prior contentions in this case. Despite his arguments, Movant fails to show that the Report is in error or that he is entitled to relief on his ineffective assistance of counsel claims.

Movant has requested that the court order the Bureau of Prisons to conduct a psychiatric evaluation to determine the extent that his childhood trauma contributed to his offense conduct. (Dkt. # 14 at 6). He does not argue that he was incompetent to stand trial or that his plea was

involuntary or invalid; he seeks only to mitigate his sentence for distribution of child pornography by providing additional evidence of his ill treatment as a LGBTQ youth and to attempt to show that his counsel was ineffective when he failed to investigate or seek a mental health examination. Movant does not allege he was treated for mental illness prior to arrest. Nor does Movant state whether he has been diagnosed with a mental disorder since his sentencing. To the extent Movant now asserts that counsel was ineffective for failing to retain and call a mental health expert at sentencing, this claim lacks merit. "In assessing the reasonableness of an attorney's investigation. a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *United States v. Fields*, 761 F.3d 443, 453–54 (5th Cir. 2014), *as revised* (Sept. 2, 2014) (quoting Wiggins *v. Smith,* 539 U.S. 510, 527 (2003)).

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Complaints of uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail on such a claim, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Fields*, 761 F.3d at 453–54; *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009) (in the § 2254 context).

The denial of Movant's claims is correct in that they are largely speculative and do not allege with specificity what the investigation and/or mental health witness would have revealed or how it would have altered the outcome of the trial. *Fields*, 761 F.3d at 453–54. Movant does

2

not identify any mental health professionals that would be willing to conduct such an examination or testify at a hearing, nor does he provide affidavits from any such mental health professionals or otherwise set out the contents of any potential favorable testimony. He merely asserts that some unnamed mental health professional could help the court understand if some underlying mental defect or syndrome could be the cause of Movant's propensity to look at and encourage child pornography. The request is devoid of specifics and does not support relief. *Blackledge,* 431 U.S. at 74. This new claim of ineffective assistance of counsel fails on the merits.

In addition, in a § 2255 motion, movants are not entitled to discovery as a matter of course, but only if good cause is shown. *United States v. Trevino,* 554 F. App'x 289, 295 (5th Cir. 2014) (citing *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004). A movant under 28 U.S.C. § 2255 "'may invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" *Id.* A "district court 'must allow discovery ... only where a factual dispute, if resolved in the [movant's] favor, would entitle him to relief[.]'" *Id.* (quoting *Webster*, 392 F.3d at 801–02.) Rule 6(a) of the Rules governing Section 2255 proceedings for the United States District Courts grants the Court discretion to "authorize a party to conduct discovery" upon a showing of good cause.

Section 2255 was not intended to permit endless litigation on matters already resolved, and for that reason, discovery is properly limited to resolving factual disputes which, if resolved in the movant's favor, would entitle him to relief. *Lincks v. United States*, No. 3:20-CV-1603-B (BT), 2021 WL 3828154, at *2 (N.D. Tex. Aug. 27, 2021), *aff'd*, 82 F.4th 325 (5th Cir. 2023); s*ee Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). To obtain discovery, the movant "'must set forth specific allegations of fact.'" *Lincks*, 2021 WL 3828154, at *2; *Webster*, 392

F.3d at 802. Conclusory allegations are insufficient to warrant discovery. *Webster*, 392 F.3d at 802 (citing *Willie v. Maggio,* 737 F.2d 1372 (5th Cir. 1984)).

It is true that counsel did not seek a mental health evaluation before sentencing. However, at sentencing, counsel argued for leniency, had Movant himself speak for several minutes about his tribulations growing up, and filed a 15-page sentencing memorandum providing information about Movant's childhood and upbringing. Even that effort, according to Movant, failed in that it did not "provide a correlation between [his] childhood trauma, his mental state, and the offense conduct from a psychological professional based on clinical studies." (Dkt # 14 at 5). The "Mental and Emotional Health" section of Movant's presentencing report stated that Movant had been treated for anxiety and depression while incarcerated and had been placed on suicide watch after reporting suicidal ideations and noted:

> Growing up in a religious family, the defendant struggled with being gay. His sexual orientation caused him serious anguish in school as he was bullied for not being the typical "masculine" guy. The defendant kept his sexual orientation a secret until he turned 18 years old and told his family. For the most part his family supported him; however, some family members chastised him and told him that he was "going to hell." From the inner turmoil of being gay in a deeply religious family, to being bullied at school, to being condemned by some family members, the mental and emotional toil on the defendant has been severe.

Crim. ECF (Dkt # 48 at 10) (sealed).

Movant has failed to show prejudice in that the court took all these things into consideration before sentencing him. The Supreme Court has

> emphasize[d] that [*Strickland v. Washington*, 446 U.S. 668 (1983)] does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing. Nor does *Strickland* require defense counsel to present mitigating evidence at sentencing in every case. Both conclusions would interfere with the "constitutionally protected independence of counsel" at the heart of *Strickland*, 466 U.S., at 689.

*Wiggins*, 539 U.S. at 533. "[S]trategic choices made after less than complete investigation are reasonable" only to the extent that "reasonable professional judgments support the limitations on investigation." *Id.*; *see Strickland* 466 U.S. at 690-691. A decision not to investigate thus "must be directly assessed for reasonableness in all the circumstances." *Wiggins*, 539 U.S. at 533; *Strickland* 539 U.S. at 691.

Because Movant has not provided specific allegations that lead this court to believe he could demonstrate his entitlement to relief if the facts were supplemented with a report or testimony of a mental health professional, his request for discovery is denied. *Fields*, 761 F.3d at 484 (citation omitted).

In sum, the Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the Court.

It is therefore **ORDERED** that **THE OBJECTIONS ARE OVERRULED** and the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. It is further **ORDERED** that a certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED.**

IT IS SO ORDERED.
SIGNED this 7th day of August, 2025.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE